**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GILBERT FLORES, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **LOANDEPOT.COM, LLC,** | § | **CIVIL ACTION NO. 4:24-cv-00834** |
| **Defendant.** | § | |
| | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Gilbert Flores, Jr., ("Plaintiff")

and Loandepot.com, LLC ("Defendant") files the Joint Discovery/Case Management Plan and

respectfully shows the Court as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   **Response**: Counsel for Plaintiff Robert C. Newark, III, and counsel for Defendant Shawnika L. Brooks conferred via email on May 10, 2024 regarding the matters set forth herein.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **Response**: There are no related cases pending.

3. Specify the allegations of federal jurisdiction.

   **Response:** Federal question jurisdiction exists because Plaintiff alleges claim against Defendant pursuant to RESPA.

4. Name the parties who disagree and the reasons.

   **Response**: All parties agree to jurisdiction.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Response**: The parties do not anticipate adding additional parties.

6. List anticipated interventions.

   **Response**: The parties do not anticipate any interventions.

7. Describe class-action issues.

   **Response**: The parties do not anticipate any class-action issues.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete disclosures.

   **Response**: The parties will complete disclosures by May 31, 2024.

9. Describe the proposed agreed discovery plan, including:

   A. Response to all the matters raised in Rule 26(f).

      i. The subject on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited or focused on particular issues.

         **Response**: The parties anticipate discovery can be completed by February 3, 2025 regarding the claims and defenses asserted in this lawsuit. The parties do not believe discovery should be limited or conducted in phases.

      ii. Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.

         **Response**: The parties do not anticipate the disclosures of ESI.

      iii. Any agreement or disputes relating to privilege or preserving discoverable information, including electronically stored information or any agreement reached under Federal Rule of Evidence 502.

         **Response**: N/A

      iv. Any changes that should be made in the limitations or discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

**Response**: The parties do not believe any changes to discovery are necessary.

     v.     Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

**Response**: The parties do not believe any such orders are necessary at this time.

B.  When and to whom plaintiff anticipates it may send interrogatories.

**Response**: Plaintiff anticipates sending interrogatories to Defendant.

C.  When and to whom the defendant anticipates it may send interrogatories.

Response: Defendant anticipates sending interrogatories to Plaintiff.

D.  Of whom and by when the plaintiff anticipates taking oral deposition.

**Response**:  Plaintiff may take oral deposition of the corporate representative of the Defendant prior to the close of the discovery period.

E.  Of whom and by when the defendant anticipates taking oral depositions.

**Response**: Defendant may take oral deposition of Plaintiff prior to the close of the discovery period.

F.  When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the report required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**Response**: Plaintiff anticipates serving expert designations on or before August 20, 2024. Defendant will serve it expert designations within thirty (30) days of receiving Plaintiff's designation.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See rule 26(a)(2)(B) (expert report).

**Response**: The Plaintiff will take a deposition on any designated expert within 30 days of the designation of those experts.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Response**: N/A

10.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Response**: N/A

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Response**: The parties have not conducted any discovery to date.

12. State the date the planned discovery can reasonably be complete.

**Response**: Discovery can be completed by February 3, 2025.

13.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Response**: The parties are actively discussing settlement and believe resolution is imminent.

14.  Describe what each party has done or agreed to bring about a prompt resolution.

**Response**: Plaintiff has proposed a settlement framework which Defendant is current considering.

15.  From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**Response**: At this time, the parties do not believe ADR is necessary.

16.  Magistrate judges may no hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Response**: The parties do not consent to a trial before a magistrate judge.

17.  State whether a jury demand have been made and if it was made on time.

**Response**: No jury demand has been made.

18.  Specify the number of hours it will take to present the evidence in this case.

**Response**: The parties anticipate that it will take 6-8 hours to present evidence in this matter.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **Response**: N/A

20.  List other motions pending.

   **Response**: N/A

21.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **Response**: N/A

22.  List the names, bar numbers, addresses, and telephone numbers of all counsel of record.

   Response:

   COUNSEL FOR DEFENDANT:

   Shawnika L. Brooks
   Texas Bar No. 24106058
   S.D. Bar No. 3482944

   Robert D. Forster, II
   Texas Bar No. 24048470
   S.D. Bar No. 2647781

   BARRETT DAFFIN FRAPPIER
   TURNER & ENGEL, LLP
   4001 Beltline Rd, Suite 100
   Addison, Texas 75001
   (972) 386-5040 (Telephone)


   COUNSEL FOR PLAINTIFF:

   Robert C. Newark, III
   A Newark Firm
   1341 W. Mocking Bird Lane, Ste 600W
   Dallas, Texas 75247
   robert@newarkfrim.com
   Tel. 866.230.7236

Respectfully submitted,

                                              Respectfully submitted,
                                              A Newark Firm

/s/ *Shawnika L. Brooks*_____
Shawnika L. Brooks                            By:/s/_Robert C. Newark, III_____
Texas Bar No. 24106058                        Robert C. Newark, III
S.D. Bar No. 3482944                          Texas Bar No. 24040097
Robert D. Forster, II                         1341 W. Mocking Bird Lane, Ste 600W
Texas Bar No. 24048470                        Dallas, Texas 77546
S.D. Bar No. 2647781                          Tel. 866.230.7236 │ Fax: 888.316.3398
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4001 Beltline Rd, Suite 100
Addison, Texas 75001
(972) 386-5040 (Telephone)